UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MYRTLE MAY LOPEZ, | No.  1:15-cv-03195-SAB |
|      Plaintiff, | |
|      v. | |
| CAROLYN W. COLVIN, Acting | **ORDER GRANTING** |
| Commissioner of Social Security | **PLAINTIFF'S MOTION FOR** |
| Administration, | **SUMMARY JUDGMENT AND** |
|      Defendant. | **DENYING DEFENDANT'S** |
| | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |

**INTRODUCTION**

Before the Court are Plaintiff Myrtle May Lopez's Motion for Summary Judgment, ECF No. 16, and Defendant Commissioner of the Social Security Administration's Motion for Summary Judgment, ECF No. 18. The Court also reviewed Plaintiff's reply, ECF No. 19 as well as the administrative record. The motions were heard without oral argument. Plaintiff is represented by D. James Tree, and Defendant is represented by Special Assistant United States Attorney Daphne Banay. For the reasons set forth below, the Court **grants** Plaintiff's motion, **denies** Defendant's motion, **reverses** the administrative law judge ("ALJ"), and **remands** for a determination of Social Security payments with an onset date of February 1, 2011.

//

## JURISDICTION

On May 24, 2012, Plaintiff filed an application for disability insurance benefits and SSI benefits. Plaintiff alleges an onset date of February 1, 2011 for various maladies discussed in detail below.

Plaintiff's application was denied initially and on reconsideration. On May 19, 2014 Plaintiff appeared and testified at a hearing held before an ALJ. The ALJ issued a decision on June 16, 2014, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on September 17, 2015. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 17, 2015. The matter is before this Court under 42 U.S.C. § 405(g).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R.

§ 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## STANDARD OF REVIEW

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. Plaintiff Myrtle May Lopez was born on June 18, 1967. She has lived alone for the past six years with assistance from her family and the state. Her previous employment positions include cook, waitress, bar tender, financial aid counselor, and receptionist, though she has been unemployed since 2011.

Plaintiff suffers from fibromyalgia, which causes her daily nerve pain throughout her body. She also suffers from irritable bowel syndrome and arthritis which limits her ability to move her neck and shoulders. Pain from these ailments afflicts her neck, shoulders, back, and extremities. Her grip has weakened, and her hands tire easily. Plaintiff tires easily, and her son, who lives with her, helps with most housework. She only goes outside and walks or drives when necessary. Neighbors help clean her home.

Plaintiff also suffers from psychological ailments including anxiety, which prevents her from leaving the house for days at a time. She no longer visits family or socializes. She has also suffered from depression at the loss of her abilities. Altogether, Plaintiff takes many prescriptions, which leave her feelings groggy and dizzy.

As part of her application for benefits, Jay Toews, Ed.D., conducted a psychological evaluation of Plaintiff, and determined that her behavior was exaggerated and that there were cognitive barriers to employment. Plaintiff notes that she and others have had complaints about Dr. Toews attitude and treatment of patients.

//
//
//
//

## THE ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of February 1, 2011.

At step two, the ALJ found that Plaintiff suffers from the severe impairments of fibromyalgia, osteoarthritis/cervical spondylitis, and hypertension.

At step three, the ALJ found that Plaintiff did not meet or exceed the requirements of a condition listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ concluded that Plaintiff has the residual functional capacity to perform light work, as defined in 20 C.F.R. 404.1567(b) & 416.967(b), specifically, that Plaintiff can lift or carry twenty pounds occasionally, and ten pounds frequently. The ALJ also found that Plaintiff can stand or walk for four hours and sit for six hours in an eight-hour workday with normal breaks; that Plaintiff can occasionally climb ramps, stairs, ladders, ropes, or scaffolds; that Plaintiff can frequently balance, stoop, and crouch; that Plaintiff can occasionally kneel and crawl; that Plaintiff has no manipulative limitations; and that Plaintiff should avoid concentrated exposure to extreme cold, hear, vibration, and dangerous machinery. AR 25.

At step four, the ALJ found that Plaintiff's limitations do not prevent her from performing past relevant work.  At step five, the ALJ found that Plaintiff could perform other work in the national economy, including document preparer, final assembler, and officer helper.


## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence of:

     a. ARNP Kim Rogers; and

     b. Dr. Mary Pellicer.

2. Whether the ALJ properly considered Plaintiff's symptom testimony.

//

**DISCUSSION**

*1. Whether the ALJ Properly Evaluated the Medical Opinions.*

    *A. Dr. Mary Pellicer.* When the opinion of a treating or examining doctor is contradicted, an ALJ can discount the opinion by offering specific and legitimate reasons supported by substantial evidence from the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). One such reason is if a treating provider's opinion is based "to a large extent" on an applicant's own symptom reports rather than clinical findings when the applicant is found incredible by the ALJ. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). "However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Id.* at 1164 (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). This means that the presence of an applicant's incredible claims in an examining doctor's opinion is not enough to reject it. If the preponderance of an examining physician's opinion is based on clinical evaluation, a Plaintiff's incredible or properly discounted testimony within the opinion does not provide a specific and legitimate reason for discounting the opinion.

    Dr. Mary Pellicer is the Social Security Administration's examining physician in this case. She examined Plaintiff on August 16, 2012, diagnosed Plaintiff with fibromyalgia, and concluded that Plaintiff could stand or walk for two to four hours but needed frequent breaks to do so; that Plaintiff could sit for less than six hours but required frequent breaks to do so; and that Plaintiff could occasionally lift and carry ten pounds. TR 387-88. The ALJ rejected Dr. Pellicer's opinion as being based "to a large extent," *Ghanim*, 763 F.3d 1162, on Plaintiff's self-reported symptoms, which the ALJ subsequently found unreliable.

    In the opinion, the ALJ discusses Dr. Pellicer's opinion for one paragraph. TR 30. Four sentences of that paragraph summarize Dr. Pellicer's opinion. One sentence concludes that "Dr. Pellicer relied heavily on the [Plaintiff's] report of

her own abilities." *Id.* The rest of the paragraph lays out instances from the record which the ALJ believed contradicts Dr. Pellicer's opinion.

In this section the ALJ invokes the proper standard to discount a contradicted examining doctor's opinion, but does not provide an actual discussion of Dr. Pellicer's opinion or otherwise show whether Dr. Pellicer's opinion relies "*more* heavily" on Plaintiff's self-reporting. *Ghanim*, 763 F.3d at 1162 (emphasis added).

The opinion spends relatively little time discussing Plaintiff's self-reporting. *See, e.g.*, TR 383. The bulk of the opinion is made up of detailed notes resulting from a physical examination. Dr. Pellicer conducted extensive study of Plaintiff's range of motion. TR 385-387. These examinations found decreased range of motion in all areas except for the elbow and forearm.

Dr. Pellicer evaluated Plaintiff's neurological capabilities, coordination, gait, and reflexes. She also found weakness in major muscle groups. Dr. Pellicer believed her opinion was supported by the medical records she reviewed, including those from the Yakima Valley Farm Workers Clinic. TR 383.

Dr. Pellicer concluded, "based on the patient's history, [the] examination, and other available information," TR 388, that Plaintiff bears the functional limitations described above. It is apparent that this opinion did not rely heavily, or even primarily, on self-reports, but was based on a thorough clinical evaluation. Because it relied primarily on clinical evidence, there is no legitimate reason to discount Dr. Pellicer's opinion, which is otherwise entitled to deference as an examining doctor.

The Court also concludes that the issue of whether the ALJ can discount Dr. Pellicer's opinion as inconsistent with the record as a whole is properly before it, as Plaintiff contends in her opening brief that Dr. Pellicer's opinion is consistent with treating provider opinions, ECF No. 16 at 8:25-26, and that the ALJ erred in

failing to consider the consistency of the medical evidence pursuant to 20 C.F.R. § 404.1527(c)(4).

The medical record must be viewed as a whole. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). Intermittent improvement in the conditions of an impairment "does not mean that the person's impairment [ ] no longer seriously affect[s] [their] ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). To reject an examining physician's testimony or opinion, it is not enough for it to be inconsistent with the record; substantial evidence in the record must support such a finding. M*organ v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Pitzer v. Sullivan*, 908 F.2d Y, 502, 502 (9th Cir. 1990) (a non-examining physician's opinion "with nothing more" does not constitute substantial evidence).

The ALJ presents several instances where Plaintiff's conditions were not as dire as at the examination with Dr. Pellicer. TR 30 (citing TR 394, 444, 451). But these "quant[a] of evidence," *Reddick*, 157 F.3d at 720, do not find substantial support in the record, which overall indicates Plaintiff suffers from a painful and limiting case of fibromyalgia. Consistent findings supporting this conclusion are found in 2012, TR 394; and throughout 2013, TR 445, 453. When a disease presents the possibility of the "waxing and waning" of pain symptoms, TR 394, scattered instances of improvement do not present substantial evidence to discount an examining doctor's opinion of impairment as inconsistent with the record. *See Holohan*, 246 F.3d at 1205.

For above reasons, the Court concludes that Dr. Pellicer's opinion was improperly discounted.

//

//

//

//

*B. ARNP Kim Rodgers.* AN ALJ may discount opinions from medical professionals (other than physicians) when they are considered unacceptable medical sources by providing germane reasoning. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010).

Nurse Rodgers treated Plaintiff for over two years. She found that Plaintiff has fibromyalgia, and that of eighteen typical tender points for a fibromyalgia case, Plaintiff possesses eleven. Nurse Rodgers concluded that Plaintiff would have "difficulty sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching."  ECF No. 16 at 9:9-11; TR 519. Nurse Rodgers concluded that because Plaintiff has trouble sitting for long periods of time, even sedentary work would prove difficult. Frequent rest is necessary for Plaintiff to work even part-time, according to Nurse Rodgers.

The ALJ rejected Nurse Rodgers opinion as inconsistent with Plaintiff's functioning "when not being evaluated for disability" and because the opinion is inconsistent with treatment notes which show "minimal objective findings . . . ." TR 30. In other words, the ALJ found Nurse Rodgers' opinion inconsistent with the bulk of the record, and internally inconsistent.

Though inconsistent treatment notes may be a legitimate reason to discount a medical opinion, *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009), the treatment notes of Nurse Rodgers are consistent with her medical opinion, especially considering a disease where fluctuations of experienced pain are normal. Though Plaintiff presented at times without acute distress, *see, e.g.*, TR 421, 361, she also appeared frequently with objective findings, *see, e.g.*, TR 394, 445, 451, 453. Given that fibromyalgia-related pain can fluctuate over time, there is no substantial inconsistency in the opinion.

We are left with Nurse Rodgers' opinion as a whole. When weighed with Dr. Pellicer's properly-considered opinion as described above, there cannot be

substantial evidence contradicting their clinical-based conclusions. This is because the weight of medical evidence indicates Plaintiff suffers from a debilitating ailment, and when sporadic instances of improvement are found, those improvements are not inconsistent with a finding of disability. *Holohan*, 246 F.3d at 1205. The medical opinion of Nurse Rodgers was improperly discredited.

*2. Vocational Expert and Finding of Disability*. When these opinions are properly considered, the Court must next examine the testimony of the vocational expert, and in particular the hypothetical questioning taking Dr. Pellicer's and Nurse Rodgers' opinions into account. When an ALJ's hypothetical does not take the plaintiff's proper limitations into account, there is no evidentiary basis for finding significant work in the national economy. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

Dr. Pellicer and Nurse Rodgers opined that Plaintiff needs to lie down frequently, and needs to take frequent breaks. The vocational expert opined that only one job in the national economy allows lying down, and no competitive works allows frequent breaks. Further, Plaintiff's residual functioning should properly take into account her manipulating limitations, and thus the conclusion of the vocational expert that those limitations properly preclude work. TR 68, 398. Nurse Rodgers also concluded Plaintiff is unable to work full-time, which is relevant for purposes of SSR 96-8p (a person who cannot work full-time is disabled).

Because Plaintiff's limitations prevent her from working full-time, require her to take frequent breaks, prevent her from bending, and require her to lie down, the Court concludes that Plaintiff is **disabled** and that an **award** of benefits from the onset date of **February 1, 2011** is proper.

*3. Plaintiff's Credibility.* This Court is bound by Ninth Circuit precedent regarding the standard for evaluating Plaintiff's testimony, which has been held to be "specific, clear and convincing reasons." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Later cases indicate that the above standard merely supplements the "clear and convincing standard," and the two are now read identically. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The Court also notes that the clear and specific elements are fully compatible with SSR 96-7p.

Regardless, because the proper incorporation of Dr. Pellicer's and Nurse Rodgers' opinions determines the outcome of this case, it is not necessary for the Court to determine whether the ALJ's findings on Plaintiff's credibility are supported by substantial evidence.

## CONCLUSION

Because there are no legitimate reasons to discount the opinions of Dr. Pellicer and Nurse Rodgers, those opinions must be properly considered with the rest of the administrative record. When weighed properly, there is no substantial evidence to conclude Plaintiff is not disabled—the opinions of Dr. Pellicer and Nurse Rodgers describe Plaintiff's proper limitations, and a finding of disabled is warranted, with an onset date of February 1, 2011.

//
//
//
//
//
//
//
//
//

1  //

2  //

3        Accordingly**, IT IS HEREBY ORDERED:**

4        1.  Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

5        2.  Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

6        3. The decision of the Commissioner denying benefits is **REVERSED** and

7  the case is **REMANDED** for a determination of **benefits** with an onset date of

8  **February 1, 2011**.

9        4. The District Court Executive is directed to **ENTER** a judgment in favor

10  of Plaintiff.

11        **IT IS SO ORDERED.** The District Court Executive is hereby directed to

12  file this Order, provide copies to counsel, and close the file.

13        **DATED** this 3rd day of October, 2016.



Stanley A. Bastian
United States District Judge